IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LB SURGERY CENTER, LLC d/b/a Greater Long Beach Surgery Center, | ) ) ) | |
| Plaintiff | ) ) | Case No. 17 C 3073 |
| v. | ) ) ) | Judge Robert W. Gettleman |
| UNITED PARCEL SERVICE OF AMERICA, INC., HEALTH CARE SERVICE CORPORATION d/b/a Blue Cross and Blue Shield of Illinois, UPS NATIONAL HEALTH PLAN FOR PART-TIME EMPLOYEES, UPS AND WELFARE PACKAGE and ADMINISTRATIVE COMMITTEE OF THE UPS HEALTH AND WELFARE PACKAGE, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff LB Surgery Center, LLC d/b/a as Greater Long Beach Surgery Center has brought a three count first amended complaint ("FAC") against defendants United Parcel Service of America, Inc. ("UPS") Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Illinois ("BCBS"), UPS National Health Plan for Part-Time Employees, UPS and Welfare Package and Administrative Committee of the UPS Health and Welfare Package. alleging: (1) failure to pay benefits allegedly due under § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) (Count I); (2) breach of fiduciary duties under 29 U.S.C. § 1132(a)(3) (Count II); and failure to provide requested documents in violation of 29 U.S.C. § 1132(c)(1)(B). Defendants have jointly moved to dismiss under Fed. R. Civ. P. 12 for failure to state a claim and lack of standing. For the reasons stated below, defendants' motion to dismiss is granted.

## BACKGROUND

Plaintiff is a California surgical center that is not in defendant BCBS's provider network. Plaintiff brings this action to recover for alleged underpayments by defendants for medical services plaintiff rendered to four patients who were participants or beneficiaries of two self-funded health benefit plans sponsored by defendant UPS. Defendant BCBS was the third party administrator ("TPA") overseeing the processing of claims and other administrative services related to the plans. Plaintiff alleges that in exchange for rendering medical services to the four patients in question it received an assignment of benefits owed to each patient under the plans. The FAC alleges that "[u]nder the terms of the Plans, BCBS is required to promptly pay benefits for OON [out of network] services based upon the usual, customary, and reasonable rate of those same services in the same geographic area," but had failed to do so. Instead, BCBS paid far less than the amount billed by plaintiff for services it rendered to four of its patients.[1]

## DISCUSSION

Defendants have moved to dismiss Counts I and II under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. A motion under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). The court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004). The complaint must allege sufficient facts that, if true, would raise a right to relief above the speculative level, showing that the claim is plausible on its fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To be plausible on its face, the complaint must plead facts sufficient for the court to draw

---

[1] Plaintiff alleges that it charged a total of $290,500 for the medical services provided, of which defendants denied $265,127.29.

the reasonable inference that the defendant is liable for the alleged misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In Count I, plaintiff alleges that defendants have failed to pay to plaintiff its full billed charges in violation of § 502(a)(1)(B), which provides that a civil action may be brought by a participant or a beneficiary "to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his right to further benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). As the Seventh Circuit has recognized, "benefits payable under an ERISA plan are limited to the benefits specified in the plan." Clair v. Harris Trust and Savings Bank, 190 F.3d 495, 497 (7th Cir. 1999).

Defendants argue that Count I fails to state a claim because plaintiff has not identified any provision in either plan that provides for the benefits plaintiff claims. As numerous courts have noted, a plaintiff suing under § 502(a)(1)(B) "must identify a specific plan term that confers the benefit in question." Stewert v. Nat'l Educ. Ass'n, 404 F.Supp.2d 122, 130 (D. D.C. 2005). Failure to specify the allegedly breached plan term is grounds for dismissal. Sanctuary Surgical Center, Inc. v. UnitedHealth Group, Inc., 2013 WL 149356 *3 (S.D. Fla. Jan. 14, 2013); Paragon Office Services, LLC v. UnitedHealthcare Ins. Co., 2012 WL 5868249 *3 (N.D. Tex. Nov. 20, 2012); Midwest Special Surgery, P.C. v. Anthem Ins. Cos., 2010 WL 716105 *2 (E.D. Mo. Feb. 24, 2010). In addition, the complaint must also "provide the court with enough factual information to determine whether the services were indeed covered services under the plan." Sanctuary Surgical, 2013 WL 149356 at *3.

In the instant case, the FAC fails to identify any provision of either plan that specifically provides for the claims benefits. As noted, the FAC alleges generally that under the plans

3

defendant BCBS is required to "promptly pay benefits for OON services based on the usual, customary, and reasonable rate for those services," but fails to identify any plan provision on which it relies. Nor does the FAC attach a copy of the plans or even the summary plan descriptions, despite plaintiff having been provided with copies of both prior to filing the FAC. Nor has plaintiff provided enough factual information for the court to determine that the services rendered were covered services.

Plaintiff's only response is to argue that it cannot provide the necessary information because defendants have not provided the reasons and claim documents that form the basis of each denial. Nonsense. Plaintiff does not have to allege which provisions on which defendants base their denial; instead, plaintiff is required to identify the plan provisions that provide for the benefits it seeks. It has failed to do so. Consequently, Count I fails to state a claim and is dismissed.

In Count II, plaintiff alleges that defendants breached their fiduciary duties in violation § 502(a)(3) by failing to pay the amounts owed. As an initial matter this count suffers from the same deficiency as Count I because it fails to identify any provision requiring such payment. In addition, as defendants argue, the count is entirely duplicative of Count I, because it is based on the same grounds and seeks the same relief. An ERISA plaintiff may bring an equitable claim under § 502(a)(3) only when no adequate remedy is available under § 502(a)(1)(B). Halley v. Aetna Life Ins. Co., 2014 WL 4463239 * (N.D. Ill. Sept. 10, 2014), and a failure to state a claim under § 502(a)(1)(B) does not allow a plaintiff to assert a § 502(a)(3) claim in the alternative. Moffat v. Unicare Midwest Plan Group, 314541, 2005 WL 1766372* (N.D. Ill. 2005). "Courts in this district have almost uniformly held that § 502(a)(3) claims must be dismissed if relief may be

obtained under § 502(a)(1)(B)." Roque v. Roofers' Union Welfare Tr. Fund, 2013 WL 2242455 *6 (N.D. Ill. May 21, 2013) (collecting cases). Consequently, Count II is dismissed.

Finally, in Count III plaintiff seeks a civil penalty under § 501(c)(1)(B) from defendants for failure to supply requested documents. This provision provides that an administrator may be personally liable to a participant or beneficiary for up to $100 per day for failure to provide requested materials. As defendant notes, however, ERISA does not authorize "participants or beneficiaries to assign away their rights to statutory penalties" under § 502(c)(1). See Elite Ctr for Minimally Invasive Surgery, LLC v. Healthcare Servc. Corp., 221 F.Supp.3d 853, 860 (S.D. Tex. 2016). Moreover, in the instant case the assignments executed by the participants were limited to recovering information and documents "relating to a claim submitted," as opposed to current plan documents, the only type of information subject to ERISA § 104(b)(4), the predicate for a civil penalty claim. Id. Consequently, plaintiff lacks standing to bring Count III.

## CONCLUSION

For the reasons described above, defendants' motion to dismiss (Doc. 31) is granted.

**ENTER:** **November 14, 2017**

_____
**Robert W. Gettleman**
**United States District Judge**